## Swords, Appellant, *v.* West Brownsville Borough.

*Negligence—Municipality—Borough street—Area way—Contributory negligence.*

In an action for damages against a municipality for an injury alleged to have been caused by a defect in a highway a verdict is properly directed for the defendant where it appears that the plaintiff, while behaving in a disorderly manner on a borough street, fell into an area way that was on private property, twenty-one inches from the side of the street and separated from it by a stone wall eighteen inches in width and four inches high; that he lived in the vicinity and knew the area way; that he had lingered for some time around the hotel that it adjoined and had been scuffling in the barroom; that after leaving the hotel he engaged in a scuffle with a young man on the street corner, and while so engaged he moved with him from the front to the side of the hotel, where, while stepping backwards or sideways, his foot struck the coping of the wall, causing his fall.

Argued Oct. 12, 1911. Appeal, No. 44, Oct. T., 1911, by plaintiff, from judgment of C. P. Washington County, Nov. T., 1909, No. 68, on verdict for defendant in case of George Swords v. West Brownsville Borough. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in directing verdict for defendant.

*Frank Ewing*, with him *John H. Murdock & Son*, for appellant.

*Harry A. Cottom, Frank P. Cottom* and *T. Jeff. Duncan*, for appellee, were not heard.

PER CURIAM, January 2, 1912:
While behaving in a disorderly manner on a borough

street, the plaintiff fell into an area way that was on private property, twenty-one inches from the side of the street and separated from it by a stone wall eighteen inches in width and four inches high. He lived in the vicinity and knew of the area way; he had lingered for some time around the hotel that it adjoined and had been scuffling in the barroom; after leaving the hotel he engaged in a scuffle with a young man on the street corner, and while so engaged he moved with him from the front to the side of the hotel, where, while stepping backwards or sideways, his foot struck the coping of the wall, causing his fall. The plaintiff's injury was not caused by a defect in the street but by his own negligence. A verdict was properly directed for the defendant and the judgment is affirmed.